**OXFELD COHEN, PC**
60 Park Place, 6th Floor
Newark, New Jersey 07102
(973) 642-0161
Attorneys for Plaintiff

---

| | |
|---|---|
| DISTRICT 1199J, NEW JERSEY : <br> HEALTH CARE EMPLOYERS <br> PENSION FUND, | **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF NEW JERSEY** |
| Plaintiff,　　　: | |
| VS.　　　　　　: | CIVIL ACTION NO.: |
| PINE ACRES NURSING HOME, : | **COMPLAINT** |
| Defendant.　　: | **AND JURY DEMAND** |

## I.　　NATURE OF CLAIM

1.　　Plaintiff brings this action pursuant to 29 U.S.C. ¶1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶ 1001 et seq.  It seeks to enforce obligations of the Defendant, Pine Acres Nursing Home, ("Pine Acres"), to make unpaid contributions to Plaintiff, the District 1199J, New Jersey Health Care Employers Pension Fund ("Pension Fund").

2.　　In this action, Plaintiff seeks declaratory judgment, payment of unpaid pension fund contributions, pre-judgment interest on unpaid contributions, damages equal to the greater of the interest on unpaid contributions or liquidated damages, injunctive relief, production of payroll records, reasonable attorney's fees, and such other legal or equitable relief as the Court deems necessary and proper.

## II.    JURISDICTION

3.      Jurisdiction of this Court is invoked pursuant to 29 U.S.C. ¶ 1132 of ERISA,

entitled "Civil Enforcement," and 29 U.S.C. § 185 of the Labor Management Relations Act

("LMRA").  Venue properly lies in this district under ERISA, 29 U.S.C. § 1132(e)(2).

## III.   PARTIES

4.      Plaintiff is a multi-employer pension plan, within the meaning of ERISA.  It is

located at 9-25 Alling Street, Newark, New Jersey 07102.  Defendant Pine Acres is an employer

with a bargaining unit of employees within the meaning of the National Labor Relations Act

("Act"), 29 U.S.C. 151 et seq., and is an employer within the meaning of ERISA.  Defendant is

located at 51 Madison Avenue, Madison, New Jersey 07940.

## IV.   STATEMENT OF FACTS

5.      Pine Acres is a participant in an Agreement and Declaration of Trust ("Trust") for

the Pension Fund.  Article II, Section 2.3 of the Trust, entitled "Employer Contributions,"

provides that:

> "Each employer shall contribute to the Fund in accordance
> with its obligations under the applicable Collective
> Bargaining Agreement entered into with the Union.  An
> Employer shall not be required to make any contribution
> except as provided in the Collective Bargaining Agreement
> to which the Employer is a party.  The contributions shall
> be paid to the Fund or such other depository as the Trustees
> shall designate only by check, bank draft, money order, or
> other negotiable recognized written method of transmitting
> money.  The contributions shall be submitted together with
> forms prepared and approved by the Trustees and shall be
> made periodically at such times as the Trustees shall
> specify by Rules and Regulations and as may be provided
> in the applicable Collective Bargaining Agreement.  Upon
> full payment of contributions to the Fund, all
> responsibilities of the Employer for each contribution shall
> cease, and the Employer shall have no responsibilities for

the acts of the Trustees, nor shall an Employer be obliged
to see to the application of any funds or property of the
Trust or to see that the terms of the Trust have been
complied with.  Anything hereunder to the contrary
notwithstanding, the Trustees shall have the right to
establish different plans of benefits for different Employer
contribution rates.

6.     Article II, Section 2.4 of the Trust, entitled "Non-payment," provides that:

"No employer shall be responsible for the contributions or
other obligations of any other Employer.  The non-payment
by an Employer shall not relieve any other Employer or
Employers from its or their obligations to make payments."

7.     Article II, Section 2.5 of the Trust, entitled "Power to Collect," provides as

follows:

"The Trustees may compel and enforce payment of the
Employer Contributions through arbitration before an
arbitrator mutually selected by the alleged delinquent
Employer and the Trustees from a panel provided by the
New Jersey State Board of Mediation.  The Union and the
New Jersey Employers may select a permanent Arbitrator
to serve for a term of two (2) years.  The cost of said
arbitration is to be borne equally by the delinquent
Employer and the Fund, unless the Arbitrator shall find that
the delinquent Employer has unreasonably withheld
payment, in which case the fee of the Arbitrator shall be
paid by the delinquent Employer.  The Trustees may also
compel and enforce payment of the Employer
Contributions in any action or proceeding brought before a
court of competent jurisdiction.  The Trustees are further
authorized to adopt such reasonable rules for
discontinuance and reinstatement of benefits as they may
deem necessary."

8.     District 1199J and Pine Acres Nursing Home are parties to a collective bargaining

agreement ("Agreement") for a specified bargaining unit.  The article, concerning contributions

to the Fund, provides in part as follows:

1.      Effective with the payroll commencing on July 1, 2007, the contribution shall consist of a sum equal to seven and sixty nine hundredths (7.69%) percent of the gross payroll of the Employees for the preceding month exclusive of amounts earned by Employees for the first two (2) months following the beginning of their employment.

2.      Payment shall be due no later than thirty (30) days following the payroll month on which they are based.  By way of example, a January contribution shall be based on the payroll for the month of December and shall be made no later than the 30th day of January.  Such payments shall be used by the Trustees of the Pension Fund for the purpose of providing Pension or Retirement benefits for Employees as the Trustees of the said Fund may from time to time determine.  In the event the trustees approve a lower contribution rate during the life of the Agreement, the rate shall be reduced by the amount set by the trustees.

3.      If a payment or payments are not made in compliance with Section 1 above, the Employer shall, from and after the due date thereof, and until payment of arrears is made, pay interest on such arrears at the rate of Citibank's prime plus two (2%) percent per annum or the maximum permitted bylaw, whichever is less.

4.      The District 1199J New Jersey Pension Fund shall be held and administered by the terms and provisions of the Agreement and Declaration of Trust and any amendments thereof, which provide for equal representation by the Union and the Employer contribution to said Fund and that any dispute whatsoever that may arise or deadlock that may develop among or between said trustees shall be submitted to arbitration before an Arbitrator or Umpire, except as may be otherwise provided for in said Agreement and Declaration of Trust and his/her decision shall be final and binding.

5.      Such Fund at all times shall take whatever action is necessary to secure and retain approval of the U.S. Internal Revenue Service as a qualified pension fund.

6.      An independent audit of the District 1199J New Jersey Pension Fund shall be made annually and a

statement of the results thereof shall be furnished to the Employer.

9.     Pine Acres is delinquent on payroll contributions for interest for the periods of January 18, 2015 to February 20, 2015 in the amount of $39.26, February 21, 2015 to March 14, 2015 in the amount of $27.76, March 15, 2015 to April 11, 2015 in the amount of $37.75, April 12, 2015 to May 23, 2015 in the amount of $130.47, May 24, 2015 to June 20, 2015 in the amount of $66.49, and June 21, 2015 to July 18, 2015 in the amount of $37.64 for a total of $339.37.   Pine Acres is also delinquent on payment of interest for arrears payments for the period of March 16, 2014 to April 12, 2014 in the amount of $173.72, March 16, 2014 to April 12, 2014 in the amount of $115.39, April 13, 2014 to May 24, 2014 in the amount of $311.74, April 13, 2014 to May 24, 2014 in the amount of $43.64, May 25, 2014 to June 21, 2014 in the amount of $245.90, June 22, 2014 to July 19, 2014 in the amount of $102.41, June 22, 2014 to July 19, 2014 in the amount of $119.97, August 17, 2014 to September 13, 2014 in the amount of $165.11, September 14, 2014 to October 25, 2014 in the amount of $41.68, September 14, 2014 to October 25, 2014 in the amount of $183.07, October 26, 2014 to November 22, 2014 in the amount of $118.51, October 26, 2014 to November 22, 2014 in the amount of $37.56, November 23, 2014 to December 20, 2014 in the amount of $161.21, December 21, 2014 to January 17, 2015 in the amount of $57.14, and December 21, 2014 to January 17, 2015 in the amount of $114.50 for a total of $1,991.55. The total delinquency is $2,230.92, plus accruing interest. Demand was made by the Fund for payment. Pine Acres has not made payment. The defendant was given the opportunity to cure, but it has not cured.

## V.   COUNT ONE

10.     29 U.S.C. ¶ 1145 of ERISA requires an employer to comply with its obligations to contribute to a multi-employer pension plan.  Section 1145 provides as follows:

> "Every employer who is obligated to make contributions to
> a multi-employer plan under the terms of the plan, or under
> the terms of a collectively bargained agreement shall, to the
> extent not inconsistent with law, make such contributions
> in accordance with the terms and conditions of such plans
> or such agreement."

11.     The contractual obligations of Pine Acres are found in the Trust, and in the Agreement.  Pine Acres has not made contributions on its contractual obligations, and is thereby delinquent in the amount of $2,230.92, plus accruing interest.

## VI.   DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.     Require entry of judgment that the failure to make appropriate contributions into the Pension Fund constitutes a violation of ERISA, the collective bargaining agreement, and the Agreement and Declaration of Trust;

2.     Require the full payment of unpaid contributions and arrears to the Pension Fund;

3.     Require the payment of pre-judgment interest on the unpaid contributions;

4.     Require the payment of an additional amount equal to the greater interest or liquidated damages;

5.     Require the issuance of an injunction compelling Defendant to satisfy the demands made by Plaintiff, and requiring it to make all appropriate contributions;

6.     Require the payment of reasonable attorney's fees and costs of suits;

7.     Require the production of payroll records for the period of the delinquency; and

8.     Require such other legal or equitable relief as the Court deems necessary.

Respectfully submitted,
OXFELD COHEN, PC


BY:_____
ARNOLD SHEP COHEN

DATED: Nov. 2, 2015


## CLAIM FOR JURY TRIAL

Plaintiff claims its right to a trial by jury on all issues.

Respectfully submitted,
OXFELD COHEN, PC


BY:_____
ARNOLD SHEP COHEN

DATED: Nov 2, 2015